## Horlacher, Appellant, v. Bear.

*Principal and agent—Broker—Set-off—Evidence.*

In an action against a broker to recover balances alleged to be due on transactions in wheat, it appeared that the plaintiff lived in another town than the defendant, and that the defendant received the orders from a broker living in plaintiff's town. After the orders were executed, defendant addressed a notice to the plaintiff advising him of what had been done. These notices were not sent to the plaintiff directly, but to the broker from whom the orders came. Defendant in his affidavit of defense averred that all his dealings had been with the broker as principal, that he had never executed any orders for plaintiff, or knew him in the business, and that the notices had been sent to the broker at the latter's request, and for his convenience and accommodation, and were not intended for the plaintiff, nor was the broker warranted in delivering them to him; that defendant had settled his accounts with the broker, and did not owe anything either to the broker or the plaintiff. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 19, 1906. Appeal, No. 171, Oct. T., 1906, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1905, No. 2,426, discharging rule for judgment for want of a sufficient affidavit of defense in case of George Horlacher, trading as George Howard, v. William L. Bear, trading as William L. Bear & Co. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit for balance alleged to be due on purchases of wheat.

Plaintiff in his statement averred that the defendant was indebted to him in the sum of $459.54, a balance alleged to be due on certain purchases and sales of wheat. Attached to the plaintiff's statement of claim were certain exhibits marked A, B and C. Exhibit "A" was as follows:

"WM. L. BEAR AND COMPANY,
   "Bankers and Brokers,
   "Chestnut and Fifteenth Sts.,
          "Philadelphia, March 23, 1905.
"Geo. Howard, Esq.,
   "We have this day Bot for your account and risk:
"Per Taylor

| Amount. | Description. | Price. | Time. | Name. |
|---------|--------------|--------|-------|-------|
| x  5 M | July wheat | $90\frac{7}{8}$ | R | Chgo. |
| 5 M | "        " | $90\frac{3}{8}$ | " | " |

" (Duplicate)

" Yours respectfully,

" WM. L. BEAR AND CO.

" Per G. C. K."

Defendant filed an affidavit of defense in which he averred that the transactions in question were made for one W. H. Taylor, a broker in Allentown, as principal.

The affidavit of defense continued as follows :

" The said defendant company denies that the said W. H. Taylor ever acted in any transactions with the plaintiff or with anybody else as the agent of the defendant company. The said W. H. Taylor was an independent broker, doing an independent business at Allentown, Penna., and had no connection whatever with the defendant company, except as a customer purchasing and selling through the defendant company. The defendant company neither bought nor sold any of the merchandise mentioned in the plaintiff's statement of claim for or on behalf of the plaintiff, either directly or through the said W. H. Taylor as the defendant company's agent.

" The course of business dealing between the said Taylor and the defendant was as follows: The said Taylor would order and direct the defendant to make certain purchases or sales of stocks, bonds or merchandise for and on account of him, the said Taylor, and the said Taylor would deposit the amount due to defendant by reason of said purchase or sale to the credit of the said defendant, and the said defendant would purchase or sell as directed by Taylor, and confirm by letter to the said Taylor the said sales or purchases so made. As an accommodation to the said Taylor, the defendant would also make out duplicate confirmations of the sales or purchases made on account of the said Taylor, in the name or names of the parties to whom the said Taylor desired to have the said purchases or sales accredited, which said duplicate confirmations were also forwarded to the said Taylor. This was exactly what was done in this case with reference to exhibits A, B and C, attached to the plaintiff's statement of claim. All these pur-

chases were for and on behalf of Taylor as a principal, and the duplicate confirmations, copies of which are inserted as exhibits A, B and C, of the plaintiff's statement of claim, were sent to Taylor, and the defendant company does not know what Taylor did with them. The defendant company presumes, although not able to state of its own knowledge, that the said Taylor wanted to show to his customers that he actually did purchase the commodities that he was to purchase for them, but all of these duplicate confirmations, including exhibits A, B and C, attached to the plaintiff's statement of claim, were made between the defendant company as principal and the said W. H. Taylor as principal, and there was no relation of agency of any kind whatever between the said defendant company and the said W. H. Taylor in connection with any of the purchases mentioned by the plaintiff in his statement of claim, and the papers of which exhibits A, B and C, are copies, were simply made by the defendant company for the convenience and accommodation of the said W. H. Taylor, and were delivered to the said W. H. Taylor and were not intended by the defendant company, nor had the said W. H. Taylor any warrant for delivering the same to any customer of his, the said W. H. Taylor, including the said plaintiff. The original confirmation orders of which exhibits A, B and C were duplicates, were made out in the name of W. H. Taylor as principal, and the plaintiff's name did not appear on this paper, and the plaintiff was well aware at the time and now knows that the defendant company did not purchase the merchandise mentioned in the plaintiff's statement of claim for or on behalf of the said plaintiff.

" The said defendant company and the said W. H. Taylor adjusted and settled up the accounts between them as principals on or about July 5, 1905, by the payment to the said W. H. Taylor by the defendant company of the sum of twelve hundred and two and 92-100 dollars. The defendant company does not owe the said W. H. Taylor or the said plaintiff any money whatever."

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Preston K. Erdman*, for appellant.—The affidavit of defense was insufficient: Evans v. Waln, 71 Pa. 69; Ryman v. Gerlach, 153 Pa. 197; Cosgrave v. Hammill, 173 Pa. 207; McBrier v. Marshall, 126 Pa. 390; McKenna v. Lyle, 155 Pa. 599; Seibel v. Ins. Co., 24 Pa. Superior Ct. 154; Dougherty v. Shimer, 1 Luz. L. Reg. 44.

*J. C. Gilpin*, with him *George S. Graham*, for appellee, cited: Lippincott v. Whitman, 83 Pa. 244; Chapin v. Cambria Iron Co., 145 Pa. 478; Shoemaker v. Stiles, 102 Pa. 549; Wolf v. Phila., 105 Pa. 25.

OPINION BY HENDERSON, J., December, 14, 1906:

If the facts were, as alleged by the plaintiff, that the defendant in executing the orders of Taylor knew that the latter was acting as the agent of the plaintiff and that the business was done on the plaintiff's behalf, the defense set up could not prevail. If authorities are necessary on so clear a proposition, Evans v. Waln's Executors, 71 Pa. 69, and Ryman v. Gerlach, 153 Pa. 197, show that a broker who received securities from an intermediate broker, with knowledge of their actual ownership, cannot apply their proceeds on a claim against such intermediate broker. The defendant alleges, however, that all his transactions were with Taylor as principal; that he had frequent transactions with him, and that settlements were made from day to day as the business progressed, but that he did not execute any orders from or for the plaintiff and never knew him in the business. It is said, however, that the documents, exhibits A, B and C, as set forth in the plaintiff's statement of claim are unequivocal admissions that the defendant knew the purchases of wheat were made for the plaintiff. That they are evidence to that effect is undoubtedly true, but they are not conclusive. They were issued after the orders to which they refer had been executed and are in form notices to the plaintiff advising him of what had been theretofore done on his account by the defendant. The defendant alleges in the affidavit of defense, however, that they were sent to Taylor at his request, for his convenience and accommodation and were not intended for the plaintiff, nor was Taylor warranted in delivering them to him. If the exhibits re-

ferred to are considered memorandums showing that the defendant had purchased for account of the plaintiff the wheat therein specified, it is nevertheless competent, in view of the averment that the defendant did not transact the business with the plaintiff but with and for Taylor, and that the memorandums were delivered by him to Taylor at his request and for his accommodation, to show that they came into existence and into Taylor's possession under such circumstances.

The affidavit meets the plaintiff's case, as set forth in the statement of claim, and is sufficient to prevent judgment. The judgment is, therefore, affirmed.